JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Anthony DiDonato | Stanley Black & Decker |

| (b)  County of Residence of First Listed Plaintiff   Chester | County of Residence of First Listed Defendant   Hartford |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Christopher Markos, Esquire, Williams Cedar, LLC | J. Michael Kunsch, Esquire, Sweeney & Sheehan, P.C. |
| 1515 Market Street, Suite 1300, Philadelphia, PA 19102 (215) 557-0099 | 1515 Market Street, Suite 1900, Philadelphia, PA 19102 (215) 563-9811 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§1332, 1441, 1446

Brief description of cause:
Alleged personal injury from product manufactured/distributed by Defendant

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $50,000

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
09/10/2020

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 4 Hilldale Drive, Malvern, PA 19355 _____

Address of Defendant: _____ 1000 Stanley Drive, New Britain, CT 06053 _____

Place of Accident, Incident or Transaction: _____ 7521 West Chester Pike, Upper Darby, PA 19082 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/10/2020 _____    _____ *(signature)* _____    PA 61922
                              *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☑ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ John Michael Kunsch _____, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 09/10/0220 _____    _____ *(signature)* _____    PA 61922
                              *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ANTHONY DiDONATO | : | CIVIL ACTION |
| v. | : | |
| STANLEY BLACK & DECKER | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )


| 9/10/20 | J. Michael Kunsch, Esquire | Defendant, Stanley Black & Decker |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 563-9811 | (215) 557-0999 | michael.kunsch@sweeneyfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY DIDONATO | CIVIL ACTION |
| v. | |
| STANLEY BLACK & DECKER | NO.: |

## NOTICE OF REMOVAL

Defendant, Stanley Black & Decker (hereinafter "SBD"), by and through its attorneys, Sweeney & Sheehan, P.C., hereby moves this Court for removal and, in support thereof, state the following reasons:

1.      A civil action seeking to recover monetary damages was commenced on May 14, 2020 by Plaintiff by filing a Writ of Summons and is pending in the Court of Common Pleas of Chester County, Pennsylvania, wherein Anthony DiDonato is Plaintiff and Stanley Black & Decker is the Defendant, which action is numbered 2020-03325-TT. A copy of the Chester County Docket and Writ of Summons is attached hereto as Exhibit "A."

2.      On June 29, 2020, the undersigned counsel entered an appearance for SBD and filed a Praecipe for Rule to File Complaint, which was entered that same date. True and correct copies of the entry of appearance of J. Michael Kunsch, Esquire and Rule to File Complaint are attached hereto as Exhibit "B."

3.      On August 11, 2020, Plaintiff filed a Complaint, a copy of which is attached hereto as Exhibit "C."

4.      Plaintiff's Complaint was served via regular mail on August 7, 2020 and received by counsel for the Defendant on August 11, 2020. Accordingly, this Notice of Removal is being filed within thirty (30) days of the date of service of the Complaint upon SBD.

5.     A civil action brought in a state court over which the District Courts of the United States have original jurisdiction may be removed by the Defendant to the District Court of the United States for the District and division embracing the place where such action is pending.  28 U.S.C. §1441(a).

6.     This litigation is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7.     Plaintiff alleges that Anthony DiDonato sustained personal injuries while using a DeWalt Model DW849 polisher at work in Upper Darby, Pennsylvania on May 23, 2018.  *See* Exhibit "C," paragraphs 5-7, 13-14.[1]

8.     Plaintiff, Anthony DiDonato, is, and was at the time of the filling of his Complaint and this Notice of Removal, a citizen of the Commonwealth of Pennsylvania, residing therein at 4 Hilldale Drive, Malvern, Pennsylvania, Pennsylvania 19355.  *See* Exhibit "C," caption and paragraph 1.

9.     Defendant, Stanley Black & Decker, Inc. (Incorrectly Designated as Stanley Black & Decker), is, and was at the time of the filling of the Complaint and this Notice of Removal, a corporate entity organized and existing under the laws of the state of Connecticut with its principal

---

[1]  Following an inspection of the DeWalt Model DW849 Polisher, it was determined that the correct Defendant should be Black & Decker (U.S.) Inc.  The parties agreed to a Stipulation to amend the caption and Complaint to replace "Stanley Black & Decker" with "Black & Decker (U.S.) Inc."  At the time of filing this Notice of Removal, the Stipulation has not been filed by Plaintiff or approved by the Court of Common Pleas of Chester County.  SBD expects that an identical Stipulation will be filed in this Court.  Black & Decker (U.S.) Inc. is a Maryland Corporation with its principal place of business located at 701 E. Joppa Road, Towson, Maryland 21286.  Accordingly, Black & Decker (U.S.) Inc. is a citizen of the state of Maryland.  Substitution of the Defendant will not affect the jurisdiction of this Court.

place of business at 1000 Stanley Drive, New Britain, Connecticut 06053.  *See* Exhibit "A," caption and paragraph 2.

10.     For diversity of citizenship purposes, SBD is, and was at the time of the filling of the Complaint and this Notice of Removal, a citizen of the state of Connecticut.

11.     None of the Defendants are citizens of Pennsylvania.

12.     The facts establish that Plaintiff is a citizen of the Commonwealth of Pennsylvania, the Defendant is incorporated under the laws of a state other than Pennsylvania, and the Defendant has a principal place of business and/or address in a state other than Pennsylvania.  Therefore, diversity of citizenship between the parties exists.

13.     Plaintiff is not a citizen of the state where Defendant is a citizen.  As such complete diversity exists.  *See* 28 U.S.C. §1332(a)(1).

14.     Pennsylvania procedure does not permit the Plaintiff in a claim for personal injury to specify a dollar amount of damages being sought but Plaintiff's Complaint avers that as a result of the incident giving rise to his Complaint, Anthony DiDonato suffered injuries including a severed right ring dominant finger, some or all of which may be permanent.  *See* Exhibit "C," paragraphs 18.

15.     Plaintiff avers that as the result of his injury, Mr. DiDonato "lost income and earning capacity, incurred medical bills and related expenses, experienced pain and suffering, experienced disfigurement and humiliation, and lost the full use and function of his right dominant ring finger, in turn affecting the full use and function of his right dominant hand, all of which harms are continuing."  *See* Exhibit "C," paragraph 27.

16.     Plaintiffs' Complaint contains three Counts, each demanding damages in excess of $50,000.00 (the compulsory arbitration limits in Pennsylvania), together with interest, costs and such other relief.  *See* Exhibit "C."

17.     According to Plaintiff's Complaint and upon information and belief, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

18.     The amount in controversy requirement of 28 U.S.C. §1332 is, therefore, satisfied on the face of Plaintiff's Complaint.

19.     By reason of the amount in controversy and the complete diversity of citizenship between the Plaintiff and Defendant, this action is within the original jurisdiction of this Court pursuant to 28 USC §1332(a).

20.     Accordingly, this action is removable from the Court of Common Pleas of Chester County, Pennsylvania to this Court pursuant to 28 USC §1332(a)(1) and §1441(a).

21.     This Notice of Removal is being filed pursuant to the provisions of 28 USC §1441, within thirty (30) days after service of the Defendant and this case is, therefore, removable pursuant to 28 USC §1446(a) and (b).

22.     In accordance with 28 U.S.C. 1446(a), SBD attaches as Exhibits "A" – "C," and filed with the Clerk of this Court, true and legible copies of all process, pleadings, orders and other papers which have been served on Defendant and filed with the Court of Common Pleas of Chester County, Pennsylvania.

23.     Written notice of the filing of the Notice of Removal has been given to Plaintiff's counsel in accordance with 28 U.S.C. §1446(b) promptly with the filing of the instant pleading in Federal Court.

24.     A copy of the Notice of Removal is being filed simultaneously with the Court of Common Pleas of Chester County, Pennsylvania in accordance with 28 U.S.C. §1446(d).

25.     If any questions should arise as to the propriety of the removal of this action, SBD requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case be properly removed.

**WHEREFORE**, Defendant, Stanley Black & Decker, request that the Court of Common Pleas of Chester County action captioned as aforesaid be removed from that Court to the United States District Court in and for the Eastern District of Pennsylvania for trial and determination of all issues for the reasons stated above.

                    **SWEENEY & SHEEHAN**

                    By:   s/J. Michael Kunsch
                        J. Michael Kunsch
                        Identification No. PA 61922
                        1515 Market Street, Suite 1900
                        Philadelphia, Pennsylvania 19102
                        Telephone (215) 563-9811
                        Facsimile  (215) 557-0999
                        michael.kunsch@sweeneyfirm.com
                        Attorney for Defendant,
                        Stanley Black & Decker.

DATE:  SEPTEMBER 10, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY DIDONATO | CIVIL ACTION

v.

STANLEY BLACK & DECKER | NO.:

### PROOF OF FILING

J. Michael Kunsch, Esquire, after first being duly sworn according to law, deposes and says that he is an attorney for the firm of Sweeney & Sheehan, P.C., attorneys for the above named Defendants herein, and that he did direct the filing with the Prothonotary of the Court of Common Pleas of Chester County a copy of the Notice of Removal attached hereto by having a copy of the same filed electronically with the Prothonotary on September 10, 2020.

**SWEENEY & SHEEHAN**

By:   s/J. Michael Kunsch
        J. Michael Kunsch
        Identification No. PA 61922
        1515 Market Street, Suite 1900
        Philadelphia, Pennsylvania 19102
        Telephone (215) 563-9811
        Facsimile  (215) 557-0999
        michael.kunsch@sweeneyfirm.com
        Attorney for Defendant,
        Stanley Black & Decker

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY DIDONATO | CIVIL ACTION |
| v. | |
| STANLEY BLACK & DECKER | NO.: |

**PROOF OF SERVICE**

J. Michael Kunsch, after first being duly sworn according to law, verifies and says that he

is an attorney for the firm of Sweeney & Sheehan, P.C., attorneys for the above named Defendant,

and that he did serve the foregoing Notice of Removal upon the following interested counsel and

parties of record by United States First Class Mail with postage fully prepared this 10th day of

September, 2020:

**INTERESTED COUNSEL**:
Christopher Markos, Esquire
**WILLIAMS CEDAR, LLC**
1515 Market Street, Suite 1300
Philadelphia, Pennsylvania 19102-1279

                          **SWEENEY & SHEEHAN**
                          By:   s/J. Michael Kunsch
                                J. Michael Kunsch
                                Identification No. PA 61922
                                1515 Market Street, Suite 1900
                                Philadelphia, Pennsylvania 19102
                                Telephone (215) 563-9811
                                Facsimile  (215) 557-0999
                                michael.kunsch@sweeneyfirm.com
                                Attorney for Defendant,
                                Stanley Black & Decker

# Exhibit "A"

9/10/2020                                                                          Case Search

Prothonotary > Case #2020-03325-TT > DIDONATO, ANTHONY VS. STANLEY BLACK & DECKER

   Search Again          Case Details          🖨 Print

9/10/2020 10:47 AM

Case Details
Case#:  **2020-03325-TT**                          Initial Date:  **5/14/2020**
Case Type: **PRODUCTS LIABILITY**                 Status:  **PENDING**

                                                  Status Date:  **5/14/2020**

Judge: **GRIFFITH, EDWARD**
**Date**                         **Docket Notes**

5/14/2020               **COMMENCEMENT OF ACTION FEE**

                        **:: :: On behalf of Plaintiff: ANTHONY DIDONATO :: Filed By: CHRISTOPHER
                        MARKOS Receipt: 842317 Date: 05/14/2020**

5/14/2020               **WRIT OF SUMMONS FILED**

                        **:: :: On behalf of Plaintiff: ANTHONY DIDONATO :: Filed By: CHRISTOPHER
                        MARKOS**

5/14/2020               **COVER SHEET(S) FILED**

                        **:: :: On behalf of Plaintiff: ANTHONY DIDONATO; STANLEY BLACK &
                        DECKER :: Filed By: CHRISTOPHER MARKOS**

5/14/2020               **PRAECIPE FOR WRIT OF SUMMONS ISSUED**

                        **:: :: On behalf of Plaintiff: ANTHONY DIDONATO :: Filed By: CHRISTOPHER
                        MARKOS**

5/14/2020               **0002 - ATTORNEY STATUS**

                        **Attorney MARKOS, CHRISTOPHER representing Plaintiff DIDONATO,
                        ANTHONY as of 05/14/2020**

5/14/2020               **EFILING FEE Receipt: 842317 Date: 05/14/2020**

6/8/2020                **SHERIFF SERVICE**

                        **Docket Description : SHERIFF SERVICE**

                        **Method : DEPUTIZED SERVICE**

                        **Received Date and Time : 05/21/2020 09:54**

                        **Service Date and Time : 06/02/2020 13:00**

                        **On : STANLEY BLACK & DECKER**

                        **Address Served : C/O CHIEF EXECUTIVE OFFICER**

                        **2595 INTERSTATE DRIVE**

                        **SUITE 103**

                        **HARRISBURG PA 17110**

                        **Comment : DAVE BULAKOWSKI**

                        **Tracking Number : D000020379**


6/29/2020               **ENTRY OF APPEARANCE WITH CERTIFICATE OF SERVICE :: :: On behalf of
                        Defendant: STANLEY BLACK & DECKER :: Filed By: JOHN MICHAEL KUNSCH**

6/29/2020               **PRAECIPE - RULE TO FILE COMPLAINT DATED 6-29-20 WITH CERTIFICATE
                        OF SERVICE**

                        **:: :: On behalf of Defendant: STANLEY BLACK & DECKER :: Filed By: JOHN
                        MICHAEL KUNSCH**

6/29/2020               **NOTIFICATION OF ELECTRONIC FILING**

6/29/2020               **NOTIFICATION OF ELECTRONIC FILING**

8/11/2020               **COMPLAINT (CIVIL ACTION) FILED**

                        **Attorney: MARKOS, CHRISTOPHER (308997)**

8/11/2020               **CERTIFICATE OF SERVICE OF COMPLAINT VIA EMAIL AND FIRST CLASS
                        MAIL ON 8-7-20 UPON COUNSEL**



## CSC

# Notice of Service of Process

null / ALL
**Transmittal Number: 21580766**
**Date Processed: 06/04/2020**

| | |
|---|---|
| Primary Contact: | Cathleen Buchanan<br>Stanley Black & Decker, Inc.<br>701 E Joppa Rd<br>Towson, MD 21286-5559 |

| | |
|---|---|
| **Entity:** | Stanley Black & Decker, Inc.<br>Entity ID Number  3423848 |
| **Entity Served:** | Stanley Black & Decker |
| **Title of Action:** | Anthony Dedonato vs. Stanley Black & Decker |
| **Document(s) Type:** | Summons |
| **Nature of Action:** | Others |
| **Court/Agency:** | Chester County Court of Common Pleas, PA |
| **Case/Reference No:** | 2020-03325-TT |
| **Jurisdiction Served:** | Pennsylvania |
| **Date Served on CSC:** | 06/02/2020 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Rashida Patience<br>866-470-9777 |

**Notes:**   The document matches the original as it was received.  All pages served are included in the image of the document.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# SHERIFF'S OFFICE OF DAUPHIN COUNTY



**Nicholas Chimienti, Jr.**
*Sheriff*

**David B. Dowling**
*Solicitor*

**Jack Duignan**
*Chief Deputy*

**David E. Olweiler**
*Real Estate Deputy*

DIDONATO, ANTHONY
vs.
STANLEY BLACK & DECKER

**Case Number**
2020-T-1180

## SERVICE COVER SHEET

request | service | ledger

### Service Details:
| | | Origin: Chester County |
|---|---|---|

**Category:** Civil Action - Writ of Summons (WOSM)    **Zone:**

**Manner:** Adult in Charge    **Expires:** 06/13/2020    **Warrant:**

**Notes:** MEGAN M. TRITT

### Serve To:
**Name:** STANLEY BLACK & DECKER
**Primary Address:** C/O CSC, 2595 INTERSTATE DRIVE SUITE 103 HARRISBURG, PA 17110
**Phone:**    **DOB:**
**Alternate Address:**
**Phone:**

### Final Service:
**Served:** Personally · Adult In Charge · Posted · Other
**Adult In Charge:**
**Relation:**
**Date:**    **Time:**
**Deputy:**    **Mileage:**

### Attorney / Originator:
**Name:** WILLIAMS CEDAR, LLC    **Phone:** 215-557-0099

### Service Attempts:
| Date: | | | | | |
|---|---|---|---|---|---|
| Time: | | | | | |
| Mileage: | | | | | |
| Deputy: | | | | | |

### Service Attempt Notes:
1.
2.
3.
4.
5.
6.



### IN THE COURT OF COMMON PLEAS, CHESTER COUNTY
#### Fifteenth Judicial District of Pennsylvania
#### West Chester, Pennsylvania

ANTHONY DIDONATO
_____
              Plaintiff(s)

              v.                            CASE NUMBER  2020-03325-TT

STANLEY BLACK & DECKER                      CIVIL ACTION - LAW
_____
              Defendant(s)

#### WRIT OF SUMMONS

**TO:**   STANLEY BLACK & DECKER
          _____

**YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN
ACTION AGAINST YOU.**

**Date:** 05/14/2020                        Debbie Bookman
         _____                        _____

                                            Prothonotary

by:

                                            Deputy

2020-03325-TT



May 19, 2020

Samuel Abloeser¹
David M. Cedar†²*
Beth G. Cole²
Diane Fenner²
Shauna Friedman†²ª
Ari Goldberger†¹
Kevin Haverty†¹*
Christopher Markos†²
Alan H. Sklarsky¹
Gerald J. Williams†²ª

¹Member, Pennsylvania Bar
²Member, New Jersey Bar
ªMember, New York Bar

**VIA OVERNIGHT U.S. POSTAL SERVICE EXPRESS MAIL**

Office of the Dauphin County Sheriff
101 Market Street, Suite 104
Harrisburg, PA  17101

   Re: *DeDonato, Anthony vs. DeWalt*
      **CCP Chester County; Civil Action No.: 2020-03325-TT**

Dear Sir/Madam:

   I enclose herewith the following documents for service upon defendant in this matter:

   1) Writ of Summons;

   2) Check to the Sheriff of Dauphin County for deputized service on defendant.

   3) Stamped, self-addressed, stamped envelope for return of service.

   If you have any questions, please feel free to contact me.

      Very truly yours,

      Rashida Patience
      PA Office Manager/Notary Public

/rap
enclosures



*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

1515 Market Street, Suite 1300
Philadelphia, PA 19102
215.557.0099

www.williamscedar.com

8 Kings Highway West, Suite B
Haddonfield, NJ  08033
856.470.9777



Filed and Attested by
PROTHONOTARY
14 May 2020 09:31 AM
S. Peck

## IN THE COURT OF COMMON PLEAS, CHESTER COUNTY
### Fifteenth Judicial District of Pennsylvania
### West Chester, Pennsylvania

ANTHONY DIDONATO
<u>              </u>
        Plaintiff(s)

              v.

STANLEY BLACK & DECKER
<u>              </u>
        Defendant(s)

CASE NUMBER  <u>2020-03325-TT</u>

CIVIL ACTION - LAW

## WRIT OF SUMMONS

**TO:**  <u>STANLEY BLACK & DECKER</u>

**YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.**

**Date:** <u>05/14/2020</u>

Debbie Bookman

*Debbie Bookman*

**Prothonotary**

**by:**

**Deputy**

*2020-03325-TT*

2020 MAY 26   AM 8: 27

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101

# Exhibit "B"

**SWEENEY & SHEEHAN**
BY: J. Michael Kunsch
Identification No.: 61922
1515 Market Street, 19th Floor
Philadelphia, PA 19102
(215) 563-9811

**ATTORNEYS FOR:** Defendant,
Stanley Black & Decker, Inc.

Filed and Attested by
PROTHONOTARY
29 Jun 2020 09:38 AM
S. Peery

| | |
|---|---|
| ANTHONY DIDONATO | COURT OF COMMON PLEAS OF CHESTER COUNTY |
| v. | |
| STANLEY BLACK & DECKER | NO.: 2020-03325-TT |

**ENTRY OF APPEARANCE**

TO THE PROTHONOTARY:

    Kindly enter my appearance on behalf of Defendant, Stanley Black & Decker, Inc., in the above captioned matter.

    Defendant requests a Jury at the time of trial in this matter.

**SWEENEY & SHEEHAN**

BY:   /s/ J. Michael Kunsch
          J. MICHAEL KUNSCH

DATE: June 29, 2020

**SWEENEY & SHEEHAN**                    **ATTORNEYS FOR:** Defendant,
BY:  J. Michael Kunsch                   Stanley Black & Decker, Inc.
Identification No.:  61922
1515 Market Street, 19th Floor
Philadelphia, PA 19102
(215) 563-9811

| ANTHONY DIDONATO | COURT OF COMMON PLEAS OF CHESTER COUNTY |
|---|---|
| v. | |
| STANLEY BLACK & DECKER | NO.:  2020-03325-TT |

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2020 I caused a true and correct copy of the Entry of Appearance and Demand for Jury Trial of J. Michael Kunsch, Esquire to be filed electronically via the Court's Electronic Filing System, from which it is immediately available to all counsel.

**SWEENEY & SHEEHAN**

BY:___/s/ J. Michael Kunsch_____
J. MICHAEL KUNSCH
Attorney for Defendant,
Stanley Black & Decker, Inc.

## <u>CERTIFICATION OF CONFIDENTIALITY COMPLIANCE</u>

I certify that this filing complies with the provisions of the **Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts** that require filing confidential information and documents differently than non-confidential information and documents

SWEENEY & SHEEHAN, P.C.

BY:    /s/ J. Michael Kunsch
          J. MICHAEL KUNSCH

*2020-03325-TT*

**SWEENEY & SHEEHAN**
BY:  J. Michael Kunsch
Identification No.:  61922
1515 Market Street, 19th Floor
Philadelphia, PA 19102
(215) 563-9811

**ATTORNEYS FOR:**  Defendant,
Stanley Black & Decker, Inc.

*Filed and Attested by
PROTHONOTARY
29 Jun 2020 09:42 AM
S. Peery*

| ANTHONY DIDONATO | COURT OF COMMON PLEAS OF CHESTER COUNTY |
|---|---|
| v. | |
| STANLEY BLACK & DECKER | NO.:  2020-03325-TT |

### PRAECIPE FOR RULE TO FILE COMPLAINT

TO THE PROTHONOTARY:

      Kindly enter a rule upon Plaintiff, Anthony DiDonato, to file a Complaint in the above

matter within twenty (20) days from the date hereof.

**SWEENEY & SHEEHAN**

By:   /s/ J. Michael Kunsch
              J. MICHAEL KUNSCH

### RULE TO FILE COMPLAINT

      **AND NOW**, this      day of      , 2020, a rule is hereby granted upon Plaintiff,

Anthony DiDonato, to file a Complaint within twenty (20) days after service hereof, or suffer a

judgment of non pros.

PROTHONOTARY

*2020-03325-TT*

**SWEENEY & SHEEHAN**
BY: J. Michael Kunsch
Identification No.: 61922
1515 Market Street, 19th Floor
Philadelphia, PA 19102
(215) 563-9811

**ATTORNEYS FOR:** Defendant,
Stanley Black & Decker, Inc.

| ANTHONY DIDONATO | COURT OF COMMON PLEAS |
| | OF CHESTER COUNTY |
| v. | |
| STANLEY BLACK & DECKER | NO.: 2020-03325-TT |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 29, 2020 I caused a true and correct copy of the **PRAECIPE**

**FOR RULE TO FILE COMPLAINT** to be filed electronically via the Court's Electronic Filing

System, from which it is immediately available to all counsel.

**SWEENEY & SHEEHAN**


BY:    /s/ J. Michael Kunsch
          J. MICHAEL KUNSCH
          Attorney for Defendants,
          Stanley Black & Decker, Inc.

## <u>CERTIFICATION OF CONFIDENTIALITY COMPLIANCE</u>

I certify that this filing complies with the provisions of the **Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts** that require filing confidential information and documents differently than non-confidential information and documents

**SWEENEY & SHEEHAN, P.C.**

BY:   /s/ J. Michael Kunsch
         J. MICHAEL KUNSCH

*2020-03325-TT*



**Case Title:**      DIDONATO, ANTHONY VS. STANLEY BLACK & DECKER

**Case Number:**    2020-03325-TT

**Type:**            PRAECIPE - RULE TO FILE COMPLAINT BY

By:

Debbie Bookman, Prothonotary

Stephanie M. B. Peery, Deputy

Electronically signed on 2020-06-29 09:43:37     page 4 of 4

*2020-03325-TT*

# Exhibit "C"

IN THE COURT OF COMMON PLEAS
OF CHESTER CONTY, PENNSYLVANIA

ANTHONY DIDONATO          :
4 Hilldale Drive                      :
Malvern, PA  19355               :
                                             :
                Plaintiff,            :
                                             :          No. 2020-03325-TT
        vs.                               :
                                             :          JURY TRIAL DEMANDED
STANLEY BLACK & DECKER   :
1000 Stanley Drive               :
New Britain, CT  06053         :
                                             :
                Defendant.         :

COMPLAINT (CIVIL ACTION)

1.  Plaintiff Anthony DiDonato is a citizen of Pennsylvania, residing at the above-captioned
    address in Chester County.

2.  Defendant Stanley Black and Decker is headquartered in Connecticut, with offices in
    Maryland, and does business in Pennsylvania and in Chester County.

3.  Defendant Stanley Black and Decker and owns the brand "Dewalt" and designs,
    manufactures, and sells Dewalt products nationwide.

4.  Among other products, Dewalt designs, manufactures, and sells corded and cordless power
    tools.

5.  Plaintiff DiDonato is the owner-employee of Custom Coach Inc., an auto body shop in Upper
    Darby, Pennsylvania.

6.  For use in his shop, he purchased a corded Dewalt "buffer," Model Number DW849, Model
    Type 1, in or around 2006.

7.  On or about May 23, 2018, DiDonato was using the buffer to polish the exterior of a car on which he was working.

8.  The buffer has a long yellow body which attaches to a black motor casing with a handle, and the polisher pad attaches and detaches to the motor with an exposed piece of metal that spins along with the pad.



9.  The exposed metal between the pad and the motor is flat on two sides and otherwise round.

10. There is no covering of the connection between the pad and the motor.

11. The motor is capable of spinning the pad at speeds up to 3,000 rpm or higher.

12. With the handle alongside the motor, the buffer is specifically designed and intended to be used with two hands, one on the handle and the other on the yellow body.  Further, upon information and belief, it is unfeasible to operate the buffer single-handedly.

13. While using the buffer in his shop, a piece of loose rope caught on the buffing pad.

14. The rope spun and was caught on the spindle, then caught DiDonato's right dominant ring finger, wrapping around and severing the finger.

15. DiDonato sought immediate treatment in the emergency room, but the finger could not be reattached.

16. At the time of the foregoing accident, the Dewalt buffer was not subject to any modification.

17. At all times relevant hereto, preceding the accident, DiDonato took proper care of the buffer.

18. There was no warning label on the product itself or in the literature that was packaged with the product that warns of the particular risks relevant to the foregoing accident and injury.

19. Dewalt manufactures other similar products that have a cover over the free-spinning connection between the buffer pad and the motor that would have prevented the foregoing injury.

20. The distance between the buffer pad and the motor is greater than is necessary; other similar power tools, including those manufactured by defendant, utilize a shorter connection and/or pads with a steeper slope from connection to outer edge, significantly reducing the amount of

open space between the pad and the motor and further minimizing the risk of an injury such as Plaintiff's.

21. There is no emergency shut-off function for the buffer.

22. Other buffers are manufactured with an automatic emergency off function that stops the motor when it detects resistance indicative of an obstruction or entanglement.

23. Moreover, the buffer is designed to run with the power switched locked in the "on" position.

24. When so locked, the trigger must be depressed – increasing the motor speed – in order to disengage the lock.

25. DiDonato was using the buffer locked in the "on" position at the time of the injury set forth more fully hereinabove.

26. At all times relevant to, DiDonato operated the buffer for the purpose for which it was designed, manufactured, and sold, and in a manner foreseeable by defendant.

27. As a result of the foregoing injury, Didonato lost income and earning capacity, incurred medical bills and related expenses, experienced pain and suffering, experienced disfigurement and humiliation,  and lost the full use and function of his right dominant ring finger, in turn affecting the full use and function of his right dominant hand, all of which harms are continuing.

## COUNT ONE
### Negligence

28. Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

29. The negligence of defendant consisted of the following:

    a.  Failure to design, manufacture, and sell the aforementioned buffer with due care;

b.  Failure to incorporate in the design and manufacturing of the aforementioned buffer adequate and proper safety devices, particularly in light of the necessary two-handed use of the device;

c.  Failure to test and inspect the aforementioned buffer to determined whether its design created an inherent risk of injury, particularly in light of the necessary two-handed use of the device;

d.  Failure to adequately instruct, advise, and warn as to the risk of injury inherent in the design and manufacture of the aforementioned buffer posed by the manner in which the buffer pad connects to the motor, particularly in light of the necessary two-handed use of the device;

e.  Failure to adequately instruct, advise, and warn users of the aforementioned buffer regarding reasonable accident prevention and mitigation when using the device, particularly in light of the necessary two-handed use of the device;

f.  Failure to equip the aforementioned buffer with a protective, stationary cover over the connection between the buffer pad and the motor, particularly in light of the necessary two-handed use of the device;

g.  Failure to design and manufacture the aforementioned buffer to minimize or eliminate the possibility of injury and other harms cause when items catch in the high-velocity, exposed connection between the pad and motor, particularly in light of the necessary two-handed use of the device;

h.  Failure to assess the hazards and risks or injury associated with the foreseeable uses of the aforementioned buffer;

      i.    Failure to provide an emergency safety shut-off function for the aforementioned

          buffer, particularly in light of the necessary two-handed use of the device;

30. As a direct and proximate result of the above-alleged negligence, DiDonato suffered the

    harms and damages set forth more fully hereinabove.

WHEREFORE plaintiff demands judgment in his favor and against defendant in an amount in

excess of the limit for compulsory arbitration set forth in the Chester County Rules of Civil

Procedure, plus such interest, costs, and fees as may be allowed by law.

## COUNT TWO
### Strict Liability

31. Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

32. The aforementioned buffer was defective, dangerous, and unsafe when it left the control of

    defendant.

33. The aforementioned buffer was defective, dangerous, and unsafe as designed, engineered,

    manufactured, assembled, and sold by defendant.

34. The aforementioned buffer was not equipped with every safety device necessary to make the

    product safe for its reasonably foreseeable and intended uses when sold and placed into the

    stream of commerce by defendant.

35. The danger and risk of harm posed by the aforementioned buffer as it relates to DiDonato's

    injury was unknowable and unacceptable to him and to the ordinary consumer.

36. The probability of serious harm caused by the design of the aforementioned buffer without

    adequate safeguarding outweighed the burden or cost to defendant of taking the necessary

    design remediation precautions prior to distributing the product.

37. The aforementioned buffer was unreasonably dangerous, defective, and unsafe pursuant to

    the doctrine of strict liability as recognized by Pennsylvania law.

38. Defendant is strictly liable for placing in the stream of commerce a dangerous, defective, and unsafe product.

39. As a direct and proximate result of the defective, dangerous, and unsafe condition of the aforementioned buffer, Plaintiff suffered the harms and damages set forth more fully hereinabove.

WHEREFORE plaintiff demands judgment in his favor and against defendant in an amount in excess of the limit for compulsory arbitration set forth in the Chester County Rules of Civil Procedure, plus such interest, costs, and fees as may be allowed by law.

**COUNT THREE**
**Breach of Warranty**

40. Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

41. Prior to the date of the aforementioned injury, Defendant expressly represented or in some other matter expressed warranties that the aforementioned buffer and its component parts were reasonably fit for the purposes intended and were of merchantable quality.

42. Prior to the date of the aforementioned injury, Defendant represented or warranted by implication that the aforementioned buffer and its component parts were reasonably fit for the purposes intended and were of merchantable quality.

43. The representations and warranties set forth above formed part of the bargain for selling the aforementioned buffer and were relied upon by Plaintiff when the product was used for its intended purposes.

44. The express and implied warranties of defendant were that the aforementioned buffer was safe for its reasonably foreseeable uses.

45. The above representations and warranties were false.

46. As a direct and proximate result of the aforementioned breach of warranties, Plaintiff

suffered the harms and damages set forth more fully above.

WHEREFORE plaintiff demands judgment in his favor and against defendant in an amount in

excess of the limit for compulsory arbitration set forth in the Chester County Rules of Civil

Procedure, plus such interest, costs, and fees as may be allowed by law.


Respectfully submitted,

WILLIAMS CEDAR

CHRISTOPHER MARKOS, ESQUIRE
PA Attorney I.D. No.: 308997
Williams Cedar, LLC
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1279
Phone: 215.557.0099
Fax:    215.557.0673
Email: cmarkos@williamscedar.com

Dated: August 7, 2020

**CERTIFICATE OF SERVICE**

I, Christopher Markos, hereby certify that on this day I caused to be served on the

following counsel of record via email and first-class mail:

>J. Michael Kunsch
>Sweeney & Sheehan, P.C.
>1515 Market Street, Suite 1900 | Philadelphia, PA 19102
>michael.kunsch@sweeneyfirm.com

Christopher Markos
*Attorney for Plaintiff*

Dated: August 7, 2020

## VERIFICATION

I, Anthony DiDonato, hereby state that I am the Plaintiff in this action and verify that the foregoing is true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to penalties of 18 Pa.C.S.A. Sec. 4904 relating to unsworn falsification to authorities.

Dated: 8-7-2020